UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MOTOR COACH INDUSTRIES, INTERNATIONAL, INC. et al.[1] | Case No.: 08-12136 (BLS) |
| Debtors. | (Jointly Administered) |

APPLICATON FOR ORDER AUTHORIZING EMPLOYMENT OF
CHANIN CAPITAL PARTNERS LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF
MOTOR COACH INDUSTRIES INTERNATIONAL, INC.
NUNC PRO TUNC TO SEPTEMBER 24, 2008

The Official Committee of Unsecured Creditors (the "Committee") of Motor Coach Industries, International, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby submit this application (the "Application") for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules"), authorizing the employment and retention of Chanin Capital Partners, LLC, ("Chanin") as financial advisor to the Committee, *nunc pro tunc* to September 24, 2008. In support of this Application, the Committee submits the Declaration of Brent C. Williams in Support of

---

[1] The Debtors, followed by the last four digits of their respective taxpayer identification numbers, are as follows: Motor Coach Industries International, Inc. (6940); MCII Holdings, Inc. (7238), MCI Financial Services, Inc. (3116), MCI Sales and Service, Inc. (4345), MCI Service Parts, Inc. (0647), MCII Financial Services II, Inc. (6658) and Motor Coach Industries, Inc. (7789). The Debtors' corporate offices are located at 1700 East Golf Road, Suite 300, Schaumburg, IL 60173.

Application for Order Authorizing Employment of Chanin Capital Partners as Financial Advisor for the Official Committee of Unsecured Creditors of Motor Coach Industries, International, Inc. *nunc pro tunc* to September 24, 2008 (the "Chanin Declaration"), attached hereto as Exhibit A. In further support of the Application, the Committee respectfully states as follows:

1. On September 15, 2008 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 24, 2008, the Office of the United States Trustee appointed the Committee, consisting of: (1) HSBC Bank, USA, National Association, as Indenture Trustee; (2) Greyhound Lines, Inc.; (3) International Association of Machinists and Aerospace Workers; (4) Allison Transmission, Inc.; and (5) Cummins, Inc.

3. On September 24, 2008, the Committee decided to retain Chanin as its financial advisors.

4. The Committee seeks to employ Chanin as its financial advisors in connection with this Chapter 11 Cases *nunc pro tunc* to September 24, 2008. Chanin has assisted and advised numerous committees, trustees, secured creditors, debtors, and other constituencies in the Chapter 11 process and is experienced in analyzing and testifying regarding corporate restructuring issues and measuring the economics of any potential merger and acquisition transactions.

6. Pursuant to 11 U.S.C. §§ 328 and 1103(b), the Committee requests that the Court approve the employment of Chanin as the Committees' financial advisors. The Committee needs

2

assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. Chanin's experience makes it qualified to do the work in this case.

7. The Committee anticipates that Chanin may render the following services in this case:

    (a) Review and analyze the Debtors' operations, financial condition, business plan, strategy, and operating forecasts;

    (b) Analyze any merger, divestiture, joint-venture, or investment transaction;

    (c) Assist in the determination of an appropriate go-forward capital structure for the Debtors;

    (d) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Plan of Reorganization (the "Plan"), including the value of the securities, if any, that may be issued to the Committee under any such restructuring or Plan;

    (e) Provide testimony, as necessary, before the bankruptcy court; and

    (f) Provide the Committee with other appropriate general restructuring advice and litigation support.

8. Subject to this Court's approval, Chanin is willing to serve as the Committee's financial advisors and to perform the services described above. Chanin will seek compensation for its services on a monthly flat fee basis, in accordance with the Engagement Letter attached as Exhibit B. Chanin will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Chanin will record its time in increments of 1/10 of one hour.

9. The Committee has been advised by Chanin that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis. Notwithstanding the foregoing, Chanin intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court. The Committee requests that Chanin be authorized to file its fee applications in accordance with the time recording format outlined above.

10. The Committee, subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules and Orders of the Court, proposes to pay Chanin a flat monthly fee of $150,000 as set forth in the Declaration of Brent C. Williams ("Chanin Declaration") attached as Exhibit A and the Engagement Letter attached as Exhibit B and submits that such fees are within the range of compensation as compared to other professional services firms providing similar financial advisory and related investment banking services.

11. To the best of the Committee's knowledge, information and belief, other than in connection with this case, Chanin has no connection with, and holds no interest adverse to, the Debtor, its estate, its creditors, or any other party in interest herein or their respective attorneys in the matter for which Chanin is proposed to be retained, except that Chanin may have represented, and may continue to represent, certain of the Debtor's creditors or other parties or interests adverse to such creditors or parties in interest in matters unrelated to these Chapter 11 cases, as may be disclosed in the Chanin Declaration.

12. To the best of the Committee's knowledge and based upon the Chanin Declaration, Chanin is a "disinterested person," as defined in 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 328.

WHEREFORE, the Committee respectively requests entry of the purposed Order Authorizing Employment of Chanin Capital Partners as Financial Advisor for the Committee, *nunc pro tunc* to September 24, 2008, attached as Exhibit C, and for such other further relief as is proper and just.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MOTOR COACH INDUSTRIES,
INTERNATIONAL, INC., *et al.*

Dated: October 23, 2008        By: /s/ Mark Southerst
                                   _____
                                   Mark E. Southerst, Chairman